[NOTE. The bankruptcy of Leland Bros. was considered by both district and circuit courts, S. D. New York. The district court passed upon certain bonds secured by the Saratoga Springs property. Case No. 8,229. The circuit court upon review, considered the petition of Platt, assignee, as to certain claims of creditors under a chattel mortgage. Case No. 8,234. The district court passed upon the question of fraudulent preferences upon a petition involving mortgages on the Saratoga Springs property. Case No. 8,230. Again the same court considers a re-examination of the debts in issue in the last case. Case No. 8,231. Upon the question of the discharge of the bankrupt the district court considered certain papers offered for admission by the register in Case No. 8,232. The right of another creditor to prove his claim is denied in Case No. 8,233. The right of the assignee to maintain suits against the fraudulently preferred creditors is sustained in Case No. 11,220. The circuit court, in Case No. 8,235. passes upon the question as to the right of the district court to expunge the claim of a fraudulently preferred creditor.]

## Case No. 8,229.

In re LELAND et al.

[6 Ben. 175.] 1

District Court, S. D. New York. Oct., 1872.

NEGOTIABLE INSTRUMENT—WITNESS.

1. A bond issued by an individual, under seal. with coupons attached for the payment of the interest semi-annually, payable to bearer, and secured by a mortgage of real estate to trustees, is a negotiable instrument, and not a specialty, so as to be subject, in the hands of an assignee, to equities existing against the assignor.

2. L. had issued a series of such bonds, which. after his bankruptcy, were found in the possession of a certain bank. In a reference, ordered at the instance of the assignee. a witness was under examination, to whom questions were put relating to the original consideration of the bonds. He refused to answer. and an application was made to the court to compel him to answer: *Held*, that, as the bonds in question were negotiable, and the bank appeared to be a bona fide holder for value, the original consideration could not be inquired into, and the witness need not answer.

[In the matter of Simeon Leland and others, bankrupts.]

This was an application to compel a witness to answer certain questions put to him on a reference ordered at the instance of the assignee in bankruptcy. It appeared that Warren Leland, one of the bankrupts, had, before the bankruptcy, issued five hundred bonds of $1,000 each, with coupons attached, secured by a mortgage of real estate. The form of the bonds was as follows:

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

"One Thousand Dollars Bond of Warren Leland, secured by real estate at Saratoga Springs, county of Saratoga, state of New York, known as the 'Union Hotel Property,' consisting of the Union Hotel and grounds attached thereto, the Leland Opera House, Union Hotel stores, Union Hotel cottages, Union Hotel water works, Union Hotel gas works, Union Hotel stable, and all the furniture and personal property belonging and appertaining thereto, conveyed for that purpose to D. Randolph Martin and Edward B. Wesley, by trust mortgage bearing even date herewith, this bond being one of a series of five hundred of like tenor and date.

"Know all men by these presents, that I, Warren Leland, of the city, county, and state of New York, am held and firmly bound unto A. T. Stewart, or bearer, for moneys loaned or advanced to me, in the sum of one thousand dollars, which I do hereby promise and agree to pay at the Ocean National Bank, of the City of New York, on the first day of October, one thousand eight hundred and eighty-five, together with interest thereon at and after the rate of seven per cent. per annum from the day of the date of these presents, on the first days of April and October, in each and every year ensuing the date hereof, until the said principal sum shall be fully paid, upon the presentation of the annexed warrants, as they severally become due, at the Ocean National Bank of the City of New York. The payment of this, with four hundred and ninety-nine other bonds of the same amount, is secured by a trust mortgage to D. Randolph Martin and Edward B. Wesley, of certain lands and real estate and personal property at Saratoga Springs, in the county of Saratoga, and state of New York, known as the 'Union Hotel Property,' bearing even date herewith. In witness whereof, I have hereunto set my hand and seal, and to certify to the number of said bonds, and that they are possessed of the same trust mortgage, the said D. Randolph Martin and Edward B. Wesley have countersigned this bond, this first day of October, one thousand eight hundred and sixty-five. Warren Leland. (Seal.)

"Sealed, delivered, and countersigned in presence of John K. Hackett.

"Countersigned: D. R. Martin. E. B. Wesley."

The coupons attached to each bond were forty in number, and were in the following form, excepting the date:

"Warren Leland will pay to the bearer hereof, at the Ocean National Bank of the City of New York, thirty-five dollars on the first day of October, 1885, being interest to that date on Union Hotel Bond, No. 483.

"$35.    Warren Leland."

Certain of these bonds being found in the hands of the Union Square National Bank, to whom they had been pledged, the assignee took proceedings to recover them. A reference to take proofs was ordered. On that reference a witness was under examination, and certain questions were put to him touching the original consideration of the bonds. He refused to answer, and an application was made to the court to compel him to answer.

T. M. North, for assignee in bankruptcy.
D. McMahon, for bank.

BLATCHFORD, District Judge. I think that, on the authority of the decisions of the highest courts of this state and of the United States, the bonds and coupons in question are negotiable instruments, although issued by an individual, under his seal, and not by a corporation, and are not specialties, so as to make them subject, in the hands of their assignee, to equities existing against their assignor. Although under seal, they were issued, as they show on their face, to secure the payment of money on time, and they contain, on their face, expressions showing that they are expected to pass from one person to another by delivery. Therefore, the attributes of commercial paper attach to them. Their character cannot be controlled or varied by the mere fact that their maker put a seal after his name. Brainerd v. New York & H. R. Co., 25 N. Y. 496; White v. Vermont & M. R. Co., 21 How. [62 U. S.] 575; Mercer Co. v. Hackett, 1 Wall. [68 U. S.] 83.

Such bonds and their coupons pass by delivery, a purchaser of them, in good faith, is unaffected by want of title in their vendor, and the burden of proof, on a question as to such good faith, lies on the party who assails the possession. Murray v. Lardner, 2 Wall. [69 U. S.] 110.

The evidence in this case shows, that the Union Square National Bank became, to all substantial intents, the purchaser of these bonds and coupons, in good faith, for a full and fair consideration, in the usual course of business, and without notice of any possible defect in the title of their assignor.

These views proceed on the assumption that the claim of the bank will absorb all dividends on the bonds and coupons, and they apply only to the interest of the bank therein. If there shall be a surplus beyond paying the claim of the bank, questions as to the title and position of their assignor may become material.

The interrogatories which the witness declined to answer were irrelevant.

[NOTE. In this case the chattel mortgage of certain fixtures in the Saratoga Springs property was considered in Case No. 8,234. Fraudulent preferences are considered in a petition involving mortgages on the real estate in Case No. 8,230. A re-examination of the debts in issue in the last case was heard in Case No. 8,231. The admission of certain papers offered in evidence and objected to in the matter of the bankrupts' discharge is considered in Case No. 8,232. The right of certain creditors to prove their claims is passed upon in Case No. 8,233. The action of the assignee in bringing suits against certain fraudulently preferred creditors is sustained in Case No. 11,220, and the right of the district court to expunge the claim of the fraudulently preferred creditors in Case No. 8,235.]